John R. Keough, III (JK 6013)
John R. Foster (JF 3635)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for Plaintiff
111 Broadway 4th Floor
New York, New York 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KNIGHT INTERNATIONAL CORP.,

                            Plaintiff,

                -against-

DCI INC., f/k/a DESIGN CONTEMPTO INC.,

                          Defendant.
----------------------------------------------------------------X

ECF CASE 07 CV 11057
J GRIESA

**VERIFIED COMPLAINT**

        Plaintiff, Knight International Corp. ("Knight"), by its attorneys, Waesche, Sheinbaum & O'Regan, P.C., complaining of the Defendant, DCI Inc., f/k/a Design Contempo Inc. ("DCI"), alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

**JURISDICTION**

        1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

## THE PARTIES

2. At all times relevant hereto, Knight was and still is a corporation duly organized and existing under the laws of the State of New Jersey and with its principal place of business at 1345 Woodlane Road, Eastampton, New Jersey. Knight is a Non-Vessel Owning Common Carrier of goods by water for hire.

3. At all times relevant hereto, DCI was and still is a corporation duly organized and existing under the laws of the State of New Hampshire and with its principal place of business at 265 South Main Street, Lisbon, New Hampshire. DCI is a manufacturer of furniture.

## REQUEST FOR RELIEF

4. At various times during 2006 and 2007, DCI booked space with Knight for the carriage of goods by water from the Port of New York to Naha, Okinawa, with final delivery at Kadena Air Base, Okinawa. Knight, in consideration of an agreed amount of freight, accepted such cargo and issued its bills of lading

5. The carrying vessels were duly loaded with DCI's cargo; the voyages were performed; and freight in the total sum of $159,668.35 was earned. For its part, Knight fully performed all of its obligations as ocean carrier under the contracts of carriage.

6. Despite due demand and in breach of the contracts of carriage, DCI has refused or otherwise failed to pay the freight due to Knight from these voyages. As a consequence of this breach, Knight has incurred damages of $159,668.35.

7. After investigation, DCI cannot be found within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Knight is informed that DCI has, or will shortly have, assets within this District comprising, inter alia, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights,

charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of DCI, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase & Co., Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

8.  The total amount of Knight's claim against DCI sought to be attached pursuant to Rule B is $159,668.35.

**WHEREFORE**, Plaintiff Knight International Corp. prays

(a) that process in due form of law according to the practice of this Court may issue against Defendant DCI Inc., f/k/a Design Contempo Inc., citing it to appear and answer the foregoing, failing which a default will be taken against it for the claim amount of $159,668.35;

(b) that since Defendant DCI Inc., f/k/a Design Contempo Inc., cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant DCI Inc., f/k/a Design Contempo Inc., up to and including the claim amount of $159,668.35 be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendant DCI Inc., f/k/a Design Contempo Inc., at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

(c) that Plaintiff Knight International Corp. be awarded interest, its costs and reasonable attorneys fees in the action; and

(d) that Plaintiff Knight International Corp. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
December 6, 2007

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for Plaintiff

By: _____
John R. Keough, III (JK 6013)
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

# VERIFICATION

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   )

JOHN R. KEOUGH, III, being duly sworn, deposes and says:

1. That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2. That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3. That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of communications with its representatives.

4. That I am authorized to make this verification on behalf of the Plaintiff.

5. That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is a foreign corporation, with no officers or directors presently within this District.

_____
JOHN R. KEOUGH, III

Sworn to before me this
6th day of December, 2007

_____
NOTARY PUBLIC

MARYANN C. POWERS
Notary Public, State of New York
No. 01PO4629292
Qualified in Richmond County
Commission Expires August 31, 2010